[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: RESPONDENT'S REQUEST FOR PERMISSION TO APPEAL
This is a request by the respondent Warden for permission to appeal the decision dated June 22, 1990, regarding the petitioner's motion for release and retesting of nontestimonial evidence.
On June 29, 1990, the Court's decision was filed granting the petitioner's motion for release and retesting of nontestimonial evidence. By letter dated July 12, 1990 and file stamped at the Rockville Superior Court Clerk's Office on July 13, 1990, the respondent Warden has requested permission to appeal that decision. CT Page 7473
Section 52-470(b) provides as follows:
 No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.
The order that was entered in this case which the respondent seeks to appeal is interlocutory in nature. In discussing the right to appeal from interlocutory orders and rulings, the court in State v. Curcio, 191 Conn. 27, 31
(1983), stated in part as follows:
 In both criminal and civil cases, however, we have determined certain interlocutory orders and rulings of the Superior Court to be final judgments for purposes of appeal. An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.
The order that was entered in this case does not fall within either of the two exceptions to the general rule that interlocutory orders and rulings are not appealable. Section 52-470(b) allows an appeal to be taken from a judgment rendered in a habeas corpus proceeding. No judgment has been rendered as of this date in either of the two cases which the respondent seeks to appeal from. In addition, the respondent did not file the request to appeal within the ten day period mandated under Section 52-470(b).
Accordingly, the petition to appeal the decision regarding the petitioner's motion for release and retesting of nontestimonial evidence in the above two files is denied.
AXELROD, J. CT Page 7474